IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TERRELL RAY MOSLEY                                                                    PLAINTIFF
ADC #145155

v.                                              4:24CV00694-LPR-JTK

WELLPATH, LLC, et al.                                                                DEFENDANTS

## ORDER

Pending is Terrell Ray Mosley's ("Plaintiff") Motion to Remand. (Doc. No. 5). For the reasons set out below, Plaintiff's Motion (Doc. No. 5) is GRANTED.

### I.     Introduction

Plaintiff is in custody at the Ouachita River Unit of the Arkansas Division of Correction ("ADC"). His claims in this case arise from the time he was in custody at the Tucker Unit of the ADC.

Plaintiff filed this pro se action in the Circuit Court of Jefferson County, Arkansas, on July 3, 2024. (Doc. No. 1 at 4). Plaintiff sued multiple ADC officials (collectively, "Defendants") alleging medical malpractice and negligence. (Id. at 5). Plaintiff seeks damages. (Id.).

Defendants filed a Notice of Removal that was docketed in this case on August 14, 2024. (Id. at 1). On August 21, 2024, Plaintiff filed a Motion to Remand. (Doc. No. 5). Defendants have not responded and the time for doing so has passed.

### II.    Discussion

Plaintiff asks the Court to remand this case because his Complaint raises only state law claims.[1] (Doc. No. 5 at 1). Plaintiff also says his constitutional claims have already been filed in

---

[1] The Court notes that all parties to this action are citizens of Arkansas so diversity jurisdiction is not a consideration in this case. (See Doc. No. 2 at 34-35).

other cases filed in this court,[2] and that this case would be duplicative of the earlier lawsuits. (Id. at 2).

"A district court's federal-question jurisdiction . . . extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (internal citation omitted).

Plaintiff is the master of his Complaint. The Court has reviewed Plaintiff's pleading—Plaintiff raised only state law claims in his Complaint. Plaintiff seeks relief for medical negligence. (See, for example, Doc. No. 2 at 2 "neglect, negligence, gross negligence, and malpractice"; Id. at 17 "gross negligence"; Id. at 19 "neglect"; Id. at 20 "neglect of duty of care"; Id. at 26 "gross negligence," among others). Arkansas law provides a cause of action for medical negligence. See Ark. Code Ann. § 16-114-213 (Arkansas Medical Malpractice Act); Epps v. Ouachita Cnty. Med. Ctr., 2021 Ark. App. 389, 10 (2021). Federal law, then, does not create the cause of action. Indeed, Plaintiff's federal claims in this case would have fallen under 42 U.S.C. § 1983, and "[m]ere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). And Plaintiff's right to relief in this medical negligence case does not depend on the resolution of a substantial question of federal law. As such, this Court lacks jurisdiction. The Court notes again that Defendants did not contest Plaintiff's Motion.

The Court is not aware of precedent from the Eighth Circuit interpreting whether a United States magistrate judge has, or lacks, authority under 28 U.S.C. § 636 to enter an order remanding

---

[2] Plaintiff identified the earlier cases as Mosley v. Wellpath, LLC, et al., 4:23-cv-00897-BBM (E.D. Ark.) (filed September 27, 2023) and Mosley v. Dancy, et al., 4:24-cv-00451-BSM-PSH (E.D. Ark.) (fled May 22, 2024).

a case to state court.  There is a split in authority whether a magistrate judge may do so.  See Harter v. Am. Fam. Mut. Ins. Co., No. 4:18 CV 1290 DDN, 2018 WL 10498463, at *1–2 (E.D. Mo. Oct. 3, 2018) (and cases cited therein).  The Courts of Appeals that have considered the issue have found remand falls outside the authority of a magistrate judge; one reason given is that remand ends the case in the federal forum.  In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998) ("an order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."); First Union Mortg. Corp. v. Smith, 229 F.3d 992, 996 (10th Cir. 2000) ("a remand order is a final decision or dispositive action that must ultimately be made by the district court to survive Article III scrutiny"); Vogel v. U.S. Off. Prod. Co., 258 F.3d 509, 517 (6th Cir. 2001) ("remand order is the functional equivalent of an order to dismiss"); Williams v. Beemiller, Inc., 527 F.3d 259, 266 (2d Cir. 2008) (remand order determines whether case should proceed in federal court and thus is indistinguishable from motion to dismiss based on subject matter jurisdiction).

At least two district courts in the Eighth Circuit—and many district courts in other Circuits—have found that a motion remand is not a dispositive motion and that a magistrate judge may issue an order directing remand.  Harter, No. 4:18 CV 1290 DDN, 2018 WL 10498463, at *1–2; Banbury v. Omnitrition Intern. Inc., 818 F. Supp. 276, 279 (D. Minn. 1993).  Harter's explanation of why a motion to remand is within my authority under 28 U.S.C. § 636(b) is sound.  No. 4:18 CV 1290 DDN, 2018 WL 10498463, at *2.  See also Meier v. Premier Wine & Spirits, Inc., 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005) (collecting cases and finding remand within magistrate judge's authority).  Contra Williams, 527 F.3d 259, 266 (2d Cir. 2008).

The Court finds that a ruling on an uncontested motion to remand is not a ruling on the merits of the claims.  FED. R. CIV. P. 72(a).  Such a ruling involves only where the case will proceed.  Plaintiff filed the Motion to Remand and Defendants have not opposed the motion.  As

3

such, the Motion—if it is interpreted to be a dispositive motion—is akin to a voluntary motion to dismiss. 28 U.S.C. § 636(b)(1)(A) does not remove voluntary motions to dismiss from a magistrate judge's authority. Admittedly, the list in § 636(b)(1)(A) is not exhaustive. But the statute distinguished a voluntary motion to dismiss from an involuntary motion to dismiss. Additionally, "the language of 28 U.S.C. § 636(b)(1)(A) 'should be read in light of the practical goal of vesting magistrate judges with sufficient authority to enable them to assist effectively in managing the heavy caseload borne by the district courts.'" Harter, No. 4:18 CV 1290 DDN, 2018 WL 10498463, at *2. Considering all of the above, the Court finds that it has authority to issue an order remanding this case to the Circuit Court of Jefferson County, Arkansas.

Accordingly, Plaintiff's uncontested Motion to Remand (Doc. No. 5) is GRANTED. The Clerk of the Court is directed to remand this case to the Circuit Court of Jefferson County, Arkansas.

IT IS SO ORDERED this 18th day of September, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE